833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re MARJEC, INC., t/a Shawnee-Land, Debtor,
MARJEC, INC., t/a Shawnee-Land, Plaintiff-Appellant,
and
Donald R. LAMBORNE, Jean Lamborne, Plaintiffs,
v.
ESTATE of Nicholas C. MILLER, B.K. Haynes Corporation, John
G. Leake, Trustee, Defendants-Appellees.
 No. 87-2532.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1987.
Decided: Nov. 12, 1987.
 
 Robert Metcalfe Musselman, Roger K. Grillo, Robert M. Musselman & Associates, for appellant.
 William Entenmann Shmidheiser, III, Wharton, Aldhizer & Weaver, for appellees.
 Before WIDENER, JAMES DICKSON PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marjec, Inc., a corporation involved in land development, filed for bankruptcy in 1978. The sole shareholders, Donald and Jean Lamborne, also filed bankruptcy at that time. Eventually, both bankruptcies were converted to liquidating bankruptcies.
 
 
 2
 In 1986, the bankruptcy court granted the Estate of Miller permission to sell certain of Marjec's land on which Miller held the deeds of trust. The land was sold to B.K. Haynes Corporation (Haynes), and the sale was confirmed by the bankruptcy court. Marjec and the Lambornes appealed to the district court, which also confirmed the sale and lifted the stay of the sale. Marjec now appeals that judgment to this Court. The Estate of Miller has filed motions to dismiss for lack of standing and on grounds of mootness. We grant the motion to dismiss for mootness.
 
 11 U.S.C. Sec. 363(m) states:
 
 3
 (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 4
 Miller asserts that because the stay was lifted, this Court should dismiss this appeal as moot.
 
 
 5
 If Haynes was a good-faith purchaser, then the sale is final and this appeal is moot. A good-faith purchaser buys for value, in good faith, without notice of adverse claims. Willemain v. Kivitz, 764 F.2d 1019, 1023-24 (4th Cir.1985). Marjec asserts that Haynes is not a good-faith purchaser because, at one time, Haynes had entered into discussions about selling the land, divided into small parcels, for Marjec. Apparently, that deal fell through for lack of financing. Marjec provides no evidence that Haynes owed a fiduciary duty to Marjec which could provide a reason for voiding the sale. Donovan & Schuenke v. Sampsell, 226 F.2d 804 (9th Cir.), cert. denied, 350 U.S. 895 (1955). Even assuming Haynes was a fiduciary, Marjec fails to explain what information Haynes may have gained that could have been used to gain an improper advantage. See In re Transcontinental Energy Corp., 683 F.2d 326 (9th Cir.1982); In re Russo, 762 F.2d 239 (2d Cir.1985); Bray v. United States Fidelity & Guaranty Co., 267 F.2d 533 (4th Cir.1920). The bankruptcy court and the parties knew of Haynes' plan to bid on the undivided property, yet Marjec did not object or raise the question of good faith. Finding no bad faith, we move to consider whether Haynes paid value.
 
 
 6
 Courts have established value as a price of at least 75% of the appraised value of an asset. In re Bel Air Associates, 706 F.2d 301, 305 (10th Cir.1983); In re Rock Industries Machinery Corp., 572 F.2d 1195, 1197 (7th Cir.1978). This Court, using the 75% amount as a standard, also considers other factors that contribute to or reduce the value of the asset. Willemain v. Kivitz, supra (consider age and reliability of appraisal; also consider what buyers are willing to offer). The appraised value of the land owned by Marjec runs between $3,000,000 and $8,000,000.
 
 
 7
 A previous advertisement and sale brought no bidders, and the second sale garnered only one bidder. The bankruptcy court noted that potential buyers were hesitant to buy the Marjec property since the property might be tied up in litigation for a lengthy period. The lack of willing buyers reduces the value of a property and we find no error in the finding that Haynes paid value for the property.*
 
 
 8
 Some circuits require that a bankruptcy court, or in some circumstances the district court, make an explicit finding of good faith before confirming a sale. In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir.1986); see Greylock Glen Corp. v. Community Savings Bank, 656 F.2d 1, 3 (1st Cir.1981). While such a finding may be a good idea, we find no need to remand for an explicit finding in this case. Marjec did not object to the sale below, and did not question Haynes' good faith, so the court had no reason to address the issue. Marjec has not established that Haynes owed a fiduciary duty to Marjec. Nor has Marjec presented any evidence creating an inference of bad faith.
 
 
 9
 We conclude, therefore, that Haynes was a good-faith purchaser. Because no stay pending appeal was in place, the appeal is now moot. Accordingly, we grant the motion to dismiss the appeal as moot. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 DISMISSED.
 
 
 
 *
 There were no adverse claims against the property, so we need not address that issue